IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 4:26-bk-11577 |
| HUMBLE BARON, INC., | ) | Chapter 11 |
| | ) | Judge Whittenburg |
| Debtor. | ) | |

**MOTION OF RECEIVER FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT
TO 11 U.S.C. § 362(d) TO PERMIT EVICTION PROCEEDINGS**

Phillip G. Young, Jr., court-appointed receiver for Uncle Nearest Real Estate Holdings, LLC  ("Movant" or "Receiver"), by and through undersigned counsel, respectfully moves this Court pursuant to 11 U.S.C. § 362(d)(1) and Federal Rule of Bankruptcy Procedure 4001 for relief from the automatic stay to permit Movant to proceed with state-court eviction proceedings against the Debtor, Humble Baron, Inc. ("Debtor" or "Tenant"), for nonpayment of rent. In support thereof, Movant states as follows:

**I. JURISDICTION AND VENUE**

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.       Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**II. BACKGROUND**

3.       On or about June 5, 2026 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Petition Date"). The automatic stay of 11 U.S.C. § 362(a) took effect upon the filing of the petition.

4.      Uncle Nearest Real Estate Holdings, LLC ("Landlord") is the owner and landlord of the commercial premises located at 3125 US-231 N, Shelbyville, Tennessee 37160 (the "Premises").  The Movant was appointed by the United States District Court for the Eastern District of Tennessee to serve as receiver over the Landlord on August 22, 2025.  The Movant continues to serve in that role.

5.      Prior to the Petition Date, Landlord and Debtor entered into that certain Commercial Lease Agreement dated March 1, 2023, and a First Amendment to Commercial Lease Agreement dated February 1, 2025 (collectively, the "Lease"). A true and accurate copy of the Lease is attached hereto as <u>Exhibit A</u> and incorporated herein by reference. Pursuant to the terms of the Lease, Debtor agreed to pay monthly rent in the amount of $5,000.00 on or before the first (1st) day of each month.

6.      Debtor has failed to pay rent as required under the Lease. As of the date of this Motion, the Debtor is in arrears in the total amount of $65,000.00, representing unpaid rent from May 2025 through June 2026.

7.      On or about June 1, 2026, prior to the Petition Date, Movant served upon Debtor's then-counsel, Michael Collins, a Notice of Default (the "Notice").  A true and correct copy of the Notice is attached hereto as <u>Exhibit B</u>.

8.      Debtor failed to cure the arrearage or vacate the Premises within the time prescribed by the Notice.

9.      Post-petition, Debtor has continued to occupy the Premises but has failed to cure its default under the Lease.  Moreover, Debtor's Statement of Financial Affairs and Schedules,

combined with Movant's personal knowledge of the financial affairs of the Debtor, demonstrate that it lacks the ability to cure its default under the Lease.[1]

### III. ARGUMENT

10.   Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Cause exists here for the following reasons:

**A. The Debtor's Failure to Show Ability to Pay Post-Petition Rent and Cure its Rent Default Constitutes "Cause" for Stay Relief.**

11.   As of the date of this Motion, Debtor has failed to pay rent totaling $65,000.00 in pre-petition arrearages.  Rent will continue to accrue at a rate of $5,000 per month.

12.   Movant has no adequate protection for its interest in the Premises. The Debtor has not provided payment, has not demonstrated that it has the ability to fund rent post-petition, and has offered no other protection for Movant's ongoing financial losses resulting from Debtor's continued occupancy without paying rent.

13.  More specifically, the Debtor's proposed 13-week budget, filed in this case at Doc. 7-1, shows a proposed funding of $51,000 for rent through September 6, 2026.  By that date, the Debtor's rent obligations to Landlord will total $80,000.  Therefore, even assuming that the Debtor

---

[1] The $100,000 debtor-in-possession loan proposed to be made by Keith Weaver does little to change that conclusion. Keith Weaver has proposed to loan the Debtor $100,000 at 10% interest; however, in the 90 days prior to the Petition Date, the Debtor transferred $193,400 to Nashwood, Inc., a company wholly-owned by Keith Weaver.  It appears that Mr. Weaver is proposing to loan to the Debtor approximately 50% of what was preferentially transferred to him in the first instance.

can meet its budget, it will still be nearly $30,000 in arrears.  It is well-settled that a landlord is not required to fund the unsuccessful operations of a debtor.

**B. The Lease Is a Commercial Lease Subject to State Law Remedies.**

14.    Under Tennessee law, Movant is entitled to commence and prosecute unlawful detainer proceedings in state court to recover possession of the Premises following Debtor's failure to pay rent and failure to cure such default after proper notice.  T.C.A. § 29-18-104.

15.    The automatic stay prevents Movant from exercising its state-law rights to recover possession of the Premises. Relief from stay is therefore necessary and appropriate to allow Movant to pursue its state-law remedies.

### IV. REQUEST FOR WAIVER OF THE 14-DAY STAY

16.    Movant respectfully requests that the Court waive the 14-day stay of the order granting relief from stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3). Given the Debtor's inability to pay post-petition rent as it comes due, its inability to show that it can cure the existing default, and its inability to provide adequate  protection of future performance, immediate relief is warranted.

### V. CONCLUSION

WHEREFORE, Movant respectfully requests that this Court enter an Order:

(a)  Granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit Movant to commence and/or prosecute to conclusion unlawful detainer/eviction proceedings against Debtor in state court, and to take all actions permitted by applicable nonbankruptcy law to recover possession of the Premises;

(b)  Waiving the 14-day stay of the order granting relief from the automatic stay pursuant

to Federal Rule of Bankruptcy Procedure 4001(a)(3);

(c)  Providing that Movant's order is binding and effective notwithstanding any conversion

of this bankruptcy case to a case under any other chapter of the Bankruptcy Code; and

(d)  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Justin T. Campbell
Justin T. Campbell (031056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Tel:    615.465.6015
Email: justin@thompsonburton.com

*Counsel for Phillip G. Young, Jr.,
Receiver for Uncle Nearest Real Estate
Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, a true and correct copy of the foregoing Motion for Relief from the Automatic Stay was served upon all parties entitled to notice via the Court's Electronic Case Filing (ECF) system, and/or by first-class U.S. Mail, postage prepaid, to the following:

Humble Baron, Inc.
ATTN: Keith Weaver, CEO
4503 Barone Drive
Murfreesboro, TN 37128

W. Thomas Bible, Jr.
Tom Bible Law
6112 Shallowford Road
Chattanooga, TN 37421

David Holesinger
Office of the United States Trustee
Historic U.S. Courthouse
31 East 11th Street, 4th Floor
Chattanooga, TN 37402

/s/ Justin T. Campbell
Justin T. Campbell