

**SO ORDERED.**
**SIGNED this 31st day of July, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_Nichola W. Whittenburg_
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## WINCHESTER DIVISION

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **Humble Baron, Inc.,** ) | **4:26-bk-11577-NWW** |
| ) | |
| **Debtor.** ) | **Chapter 11** |

### AGREED ORDER (1) DIRECTING REPLACEMENT OF FUNDS AND
### (2) IMPOSING RESTRICTIONS ON OPERATIONS

This matter came before the Court on the Motion of United States Trustee for Entry of

Agreed Order (1) Directing Replacement of Funds and (2) Imposing Restrictions on Operations.

Based upon the assertions in the Motion and the record, as well as the agreement of the

Debtor and the U.S. Trustee, the Court hereby **FINDS** (and the Debtor stipulates) as follows:

(1) Debtor's initial monthly operating report (Doc. 58) reflects numerous transfers that

were not for the benefit of the Debtor and were not authorized under the cash

collateral order.

(2) Such inappropriate transfers include the payment of $40,000 to a law firm not

associated with this case, $6,000 in cash withdrawals, transfers to Mr. Weaver

and/or the payment of his personal expenses, and a $5,300 transfer to affiliate Shelbyville Barrel House BBQ, LLC.

(3) Such improper transfers would provide "cause" under § 1112(b).

(4) To remedy these improper transfers, the Debtor agrees that prompt remediation is warranted, as specified below.

Based on these findings and the agreement of the U.S. Trustee and the Debtor, the Court hereby **GRANTS** the Motion and **ORDERS** as follows regarding the return of funds to the Debtor:

(1) Debtor, directly or through Mr. Keith Weaver, shall direct and obtain the return (or reimbursement) of $66,350.66 to the Debtor.

(2) Such funds shall be placed in the Debtor's DIP account by no later than August 1, 2026, and proof of the same (through bank records) shall be provided to the U.S. Trustee by no later than August 3, 2026.

(3) The transfer of such funds represents the return of funds to the Debtor and, as such, shall not be considered or construed as an obligation, debt, or loan owed by the Debtor to any other entity. For clarity's sake, any funds contributed by Mr. Weaver to reimburse Debtor for the $66,350.66 will not be considered a loan, contribution, debt, or other repayment obligation of the Debtor, as such funds represent the return of funds improperly withdrawn from the Debtor.

The Court further explicitly **IMPOSES** the following operational limits on the Debtor:

(1) Debtor shall not transfer any funds to any insider or affiliate (including, without limitation, Keith Weaver; Nashwood, Inc.; Shelbyville Barrel House BBQ, LLC) without an explicit Court order authorizing such transfer.

    a.  This provision does <u>not</u> bar the monthly lease payments to Uncle Nearest

2

Estate Holdings, LLC, in the amounts and at the times authorized under the current (and any future) cash collateral orders.

(2) Debtor shall provide bank account statements to the U.S. Trustee by the close of business on each Monday and shall file all monthly operating reports on schedule (no later than the 15th of each month).

(3) Debtor shall abide by the cash collateral order and budget and any further material deviations shall be a violation of this Order and shall constitute "cause" under § 1112(b)(4)(D) and (E).

Finally, **IT IS FURTHER ORDERED** that to the extent that the Debtor violates any of the terms of this Order, then:

(1) The U.S. Trustee may docket a notice of default detailing the relevant violation, and

(2) Following the filing of such notice, the Court will set a hearing, at which it will consider remedies under 11 U.S.C. § 1112(b), including dismissal, conversion, appointment of a trustee, or whether unusual circumstances exist under § 1112(b)(2).

Nothing in this Order shall preclude other parties from seeking further remedies or preclude the U.S. Trustee from raising the issues discussed in this Motion and Order in the event of a default by the Debtor.

IT IS SO ORDERED.

# # #

AGREED TO AND PREPARED BY:

/s/ David Holesinger
David Holesinger (TN BPR # 030189)
Attorney for United States Trustee
31 East 11th Street, 4th Floor
Chattanooga, TN 37402
(423) 752-5153

3

David.Holesinger@usdoj.gov
*Attorney for the U.S. Trustee*

AGREED TO AND APPROVED FOR ENTRY:

BY: /s/ W. Thomas Bible, Jr.
W. Thomas Bible, Jr. BPR 014754
TOM BIBLE LAW
6112 Shallowford Road
Chattanooga, TN  37421
(423) 424-3116/(423) 553-0639 fax
tom@tombiblelaw.com
*Attorney for Debtor*