**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**WINCHESTER DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 4:26-bk-11577** |
| **Humble Baron, Inc.** | ) | **Chapter 11** |
| | ) | **Judge Whittenburg** |
| **Debtor.** | ) | |

**Receiver Phillip G. Young, Jr.'s**
**Statement in Support of Conversion**

Phillip G. Young, Jr., court-appointed receiver for Uncle Nearest Real Estate Holdings, LLC ("Receiver"), by and through undersigned counsel, respectfully submits this statement in support of this Court converting Debtor's case to a Chapter 7 bankruptcy. This statement is in anticipation of the upcoming hearing that this Court ordered for August 19, 2026, (Doc. 68) to decide whether Debtor's case should be dismissed or converted because Debtor violated its Agreed Order with the U.S. Trustee (Doc. 61). In support thereof, the Receiver states as follows:

## BACKGROUND

1. Uncle Nearest Real Estate Holdings, LLC ("Landlord") is the owner and landlord of the commercial premises located at 3125 US-231 N, Shelbyville, Tennessee 37160 (the "Premises"). Phillip G. Young, Jr. is Landlord's court-appointed receiver. As alleged in the Receiver's Amended Motion for Stay Relief (Doc. 52), Debtor leased the Premises from Landlord.

2. Debtor filed a Chapter 11 bankruptcy on June 5, 2026. After its first month operating in bankruptcy, Debtor filed its June Monthly Operating Report on July 15, 2026. (Doc. 58).

3. But that report had problems. On July 31, 2026, this Court found that much of it evidenced "improper transfers," totaling approximately $66,000, that

"provide[d] 'cause' under § 1112(b)." Doc. 61, p.2. Even Debtor "agree[d] that prompt remediation [was] warranted." *Id.*

4. As such, this Court entered an Agreed Order (Doc. 61) on July 31, 2026, between Debtor and the U.S. Trustee. Per that Order, Debtor needed to return the improperly transferred funds by the next day, August 1, 2026, with proof of the transfer given to the U.S. Trustee by August 3. *Id.* If Debtor failed to reimburse the funds by August 1, the U.S. Trustee could notify the Court, and a hearing would be set to determine whether this case should be dismissed, converted, or a trustee appointed. *Id.* at 3.

5. Debtor failed to reimburse the funds by August 1, the U.S. Trustee notified this Court (Doc. 67), and a hearing was set for August 19, 2026 (Doc. 68).

## ARGUMENT

6. Conversion is the only practical answer here. That's because Debtor has already shown no rents are coming, having already improperly transferred potential rents, refused to pay pre-petition rents, and sought to pay its bankruptcy counsel before its vital lease with Landlord. The monthly operating report demonstrates that this Debtor has no viable business and no way to cure its twelve-month lease default. A Chapter 7 trustee should be appointed to wind up the affairs of this business and evaluate the hundreds of thousands of dollars of transfers that are avoidable under 11 U.S.C. §§ 547, 548 and 549.

7. **Improper transfers:** In Debtor's first month, it thought it was acceptable to (1) improperly transfer over $60,000, (2) "agree[] that prompt remediation [was] warranted," (3) enter an agreed order with the federal government saying Debtor would and could reimburse those transfers, and (4) then immediately violate that order by not reimbursing (with zero explanation). All of these transfers are recoverable by a Chapter 7 Trustee under 11 U.S.C. § 549.

8. **Delinquent rents:** In the midst of that, Debtor still has not paid Landlord its pre-petition rents or the agreed-upon escrow amount for a building that Debtor *needs* to survive. *See* Doc. 52. Debtor's entire legacy—its marketing appeal—stems from "sit[ting] on the same property as the Nearest Green Distillery" owned by Landlord, which is the real-estate arm of whiskey company Uncle Nearest, Inc. Even Debtor's most popular drink, the "Humble Baron Old Fashioned," is "a take on the classic old fashioned cocktail" but "made with Nearest Whiskey."[1] If evicted, Debtor's remaining ties to its legacy would be gone, as would any hope of paying its restructured debts. Yet even with an existing lease, Debtor still cannot seem to pay it.

9. **Improper pre-petition payments:** On top of the improper post-petition transfers, the Debtor made a host of avoidable pre-petition transfers. According to the Debtor's Schedule of Financial Affairs (Doc. 36), the Debtor made $291,954.60 in transfers in the ninety (90) days prior to the Petition Date—with the vast majority of this money being paid to insiders such as Nashwood and Shelbyville Barrel House, sister companies of the Debtor. These payments are avoidable pursuant to 11 U.S.C. § 547. Upon information and belief, most of these transfers would also be avoidable pursuant to 11 U.S.C. § 548. Moreover, if a Trustee were to investigate transfers to insiders within one year of the Petition Date, as contemplated by 11 U.S.C. § 547, he or she might discover hundreds of thousands of dollars of additional avoidable transfers. Only a trustee can be entrusted with properly investigating and pursuing these estate causes of action.

10. Bottom line: Debtor has already proven that no rent payments to its most vital contract are coming; they are going to French vacations instead. A dismissal would only drag out the Receiver's efforts to evict Debtor and prolong a

---

[1] Jessie Molloy, *World's Longest Bar Is Nestled Inside Nashville's Humble Baron*, Tasting Table (Aug. 16, 2023 7:30 p.m. EST), https://bit.ly/4qlnz7h.

business that has been defunct for quite some time. To avoid that, this Court should convert this case to a Chapter 7, letting an appointed trustee take the reins and liquidate the real asset of this estate – its §§ 547, 548 and 549 causes of action.

Respectfully submitted,

*/s/ Justin Campbell*

Justin T. Campbell (31056)
Trent Meriwether (38577)
THOMPSON BURTON PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
(615) 465-6019
justin@thompsonburton.com
trent@thompsonburton.com
*Counsel for Phillip G. Young, Jr., Receiver for Uncle Nearest Real Estate Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the same day as this filing, the foregoing was served upon all parties registered to receive notice via the Court's ECF case filing system.

*/s/ Justin Campbell*
Justin Campbell