**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 1:26-bk-11577-NWW** |
| **HUMBLE BARON, INC.,** | ) | |
| | ) | **Chapter 11, Subchapter V** |
| **Debtor.** | ) | |

---

**DEBTOR'S APPLICATION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF RMR LEGAL PLLC AS ATTORNEY FOR THE DEBTOR**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Notice is hereby given that:**

**Pursuant to E.D. Tenn. LBR 9013-1(h), the court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of court at 31 East 11th Street, Chattanooga, TN 37402, an objection within 21 days from the date this paper was filed and serve a copy on the movant's attorney, Roy Michael Roman, RMR Legal PLLC, 70 N. Ocoee Street, Cleveland, TN 37311. If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

The above-captioned debtor and debtor in possession (the "Debtor") files this application (the "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to retain and employ RMR Legal PLLC ("RMR") as its counsel effective as of the filing of this Application. In support of this Application, the Debtor

submits the declaration of Roy Michael Roman, Managing Partner of RMR Legal PLLC (the "Roman Declaration"), which is attached hereto as **Exhibit B**. In support of this Application, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Eastern District of Tennessee (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee (the "Local Rules").

**Background**

4. Humble Baron, LLC is a widely recognized bar located in Shelbyville, Tennessee due to its well-known status as the "World's Longest Bar". Humble Baron is an immensely successful bar and event venue which faced unprecedented cash crunches as a result of receivership issues and associated real-estate issues.

5. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the

appointment of a trustee or examiner has been made in this chapter 11 case and no official committees have been appointed or designated.

**Relief Requested**

6. By this Application, the Debtor seeks entry of the Order authorizing the retention and employment of RMR as its Debtor counsel effective as of August 30, 2026.

**RMR Legal PLLC's Qualifications**

7. The Debtor seeks to retain RMR because of RMR's extensive experience and knowledge in the field of debtor's protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

8. Managing Partner of RMR Legal PLLC, prior to opening an office in Tennessee, was actively involved in certain of the largest chapter 11 cases in the world.

9. In preparing for its representation of the Debtor in this chapter 11 case, RMR has become familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this chapter 11 case. The Debtor believes that RMR is both well-qualified and uniquely able to represent the Debtor in this chapter 11 case in an efficient and timely manner.

**Services to be Provided**

10. Subject to further order of the Court, the Debtor requests the retention and employment of RMR to render the following legal services:

   a. advising the Debtor with respect to its powers and duties as debtor in possession in the continued management and operation of its business and property;

   b. advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

c. attending meetings and negotiating with representatives of creditors and other parties in interest;

d. taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

e. preparing pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

f. representing the Debtor in connection with obtaining authority to continue using cash collateral and postpetition financing if necessary;

g. advising the Debtor in connection with any potential sale of assets;

h. appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

i. taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain confirmation of a chapter 11 plan and all documents related thereto; and

j. performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor's assets; and (iii) advising the Debtor on corporate and litigation matters.

**Professional Compensation**

11. RMR intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure RMR will use in this chapter 11 case are the same as the hourly rates and corresponding rate structure that RMR uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

12. RMR operates in a local marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

13. RMR's current hourly rates for matters related to this chapter 11 case range as follows: $375 for partners and $125 for paraprofessionals.

14. These hourly rates are consistent with the rates that RMR charges or would charge other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

15. The rate structure provided by RMR is appropriate and not significantly different from (a) the rates that RMR charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work RMR will perform in this chapter 11 case.

**Compensation Received by RMR from the Debtor**

16. The Debtor or its affiliates paid a total collective amount of $13,750.00 to RMR which constituted an advance payment retainer. As such, the advance payment was earned upon receipt, and any advance payment retainer became property of RMR upon receipt. The Debtor no longer has a property interest in any advance payment retainer upon RMR's receipt, any advance payment retainer will be placed in RMR's general account and will not be held in a client trust account, and the Debtor will not earn any interest on any advance payment retainer.

17. Pursuant to Bankruptcy Rule 2016(b), RMR has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with RMR or (b) any compensation another person or party has received or may receive.

18. As of August 30, 2026, the Debtor did not owe RMR any amounts for legal services rendered as significant work went into preparing for a timely transition of debtor counsel from previous counsel to current counsel. Although certain expenses and fees may have been incurred but not yet applied to RMR's advance payment retainer, the amount of RMR's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis).

**RMR's Disinterestedness**

19. To the best of the Debtor's knowledge and as disclosed herein and in the Roman Declaration, (a) RMR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) RMR has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Roman Declaration.

20. Prior to the filing of this Application, RMR commenced advisory services for the Debtor's CEO for potential other chapter 11 filings associated with the Debtor in this case. This included exploring liability management strategies for certain of the Debtor's affiliates. However, none of those liability management strategies materialized, and as such, the Debtor's senior executive team opted to bring RMR in to represent them with regards to the pending chapter 11 case.

21. RMR will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, RMR will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**Supporting Authority**

22. The Debtor seeks retention of RMR as its counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

23. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

24. The Debtor submits that for all the reasons stated above and in the Roman Declaration, the retention and employment of RMR as counsel to the Debtor is warranted. Further, as stated in the Roman Declaration, RMR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Roman Declaration.

**Notice**

25. The Debtor will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) all creditors; (c) the United States Attorney's Office for the Eastern District of Tennessee; (d) the Internal Revenue Service; (e) the office of the attorneys general in the state in which the Debtor operates; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

26. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtor respectfully requests as follows:

1. That this Court enter the Order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein; and

2. That this Court grant any other relief it deems just and proper given the circumstances.

Respectfully submitted,

*/s/ Roy Michael Roman*

Roy Michael Roman (TN BPR #042658)
**RMR Legal PLLC**
70 N. Ocoee Street
Cleveland, TN 37311
Telephone: (423) 528-8484
Facsimile: (423) 717-5564
E-mail: roymichael@rmrlegal.com

*Proposed Counsel to the Debtor and Debtor in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed a copy of the foregoing pleading electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

Nicholas B. Foster, Esq. (via ECF)
David Holesinger, Esq.
Historic U.S. Courthouse
31 E. Eleventh Street
Fourth Floor
Chattanooga, TN 37402
*U.S. Trustee*

All creditors per the attached matrix (via ECF and Regular Mail)

This the 30th day of August, 2026.

*/s/ Roy Michael Roman*
Roy Michael Roman