**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 1:26-bk-11577-NWW** |
| **HUMBLE BARON, INC.,** | ) | |
| | ) | **Chapter 11, Subchapter V** |
| **Debtor.** | ) | |

**DECLARATION OF**
**ROY MICHAEL ROMAN IN SUPPORT OF DEBTOR'S**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF RMR LEGAL PLLC**
**AS ATTORNEY FOR THE DEBTOR AND DEBTOR IN POSSESSION**

I, Roy Michael Roman, being duly sworn, state the following under penalty of perjury:

1. I am the Managing Partner of the law firm of RMR Legal PLLC, located at 70 N. Ocoee Street, Cleveland, Tennessee 37311. I am the lead attorney working on the above-captioned chapter 11 case. I am a member in good standing of the Bar of the State of Tennessee and the State of New York, and I have been admitted to practice in both the State of Tennessee and the State of New York. There are no disciplinary proceedings pending against me.

2. I submit this declaration (the "Declaration") in support of the Debtor's *Application for Entry of an Order Authorizing the Retention and Employment of RMR Legal PLLC as Attorney for the Debtor* (the "Application"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**RMR's Qualifications**

3. The Debtor seeks to retain RMR because of RMR's extensive experience and knowledge in the field of debtor's protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

4. Prior to opening my office in Tennessee, I was actively involved in certain of the largest chapter 11 bankruptcy cases in the world. Certain of the chapter 11 cases I was actively involved in had total liabilities in excess of $5 billion. Other of the chapter 11 cases I was actively involved in stemmed from the world's largest ever set of multi-district litigation claims, unprecedented crypto-currency-related filings, multi-billion dollar trucking companies, and worldwide real estate portfolios. Here, in Tennessee, my office has advised debtors with cases including total liabilities over $15 million.

5. In preparing for its representation of the Debtor in this chapter 11 case, I have become familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this chapter 11 case. I believe RMR is both well-qualified and uniquely able to represent the Debtor in this chapter 11 case in an efficient and timely manner.

**Services to be Provided**

6. Subject to further order of the Court, RMR will render the following legal services in these chapter 11 cases:

a. advising the Debtor with respect to their powers and duties as debtor in possession in the continued management and operation of its businesses and properties;

b. advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

c. attending meetings and negotiating with representatives of creditors and other parties in interest;

d. taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning

litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

e. preparing pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

f. representing the Debtor in connection with obtaining authority to continue using cash collateral and postpetition financing if necessary;

g. advising the Debtor in connection with any potential sale of assets;

h. appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

i. taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain confirmation of a chapter 11 plan and all documents related thereto; and

j. performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor's assets; and (iii) advising the Debtor on corporate and litigation matters.

**Professional Compensation**

7. RMR intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure RMR will use in this chapter 11 case

are the same as the hourly rates and corresponding rate structure that RMR uses or would use in other debtor representations. These rates and the rate structure reflect that such restructuring and other complex matters typically involve great complexity, high stakes, and severe time pressures.

8. RMR operates in a local marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other related factors.

9. RMR's current hourly rates for matters related to this chapter 11 case range as follows: $375 for partners and $125 for paraprofessionals.

**<u>Compensation Received by RMR from the Debtor</u>**

10. The Debtor paid $13,750.00 to RMR which is constituted as an "advance payment retainer". As such, any advance payment retainer becomes property of RMR upon receipt, the Debtor no longer has a property interest in any advance payment retainer upon RMR's receipt, any advance payment retainer will be placed in RMR's general account and will not be held in a client trust account, and the Debtor will not earn any interest on any advance payment retainer.

11. As of the Petition Date, the Debtor did not owe RMR any amounts for legal services rendered before the Petition Date.

12. Pursuant to Bankruptcy Rule 2016(b), RMR has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with RMR or (b) any compensation another person or party has received or may receive.

**Statement Regarding U.S. Trustee Guidelines**

13. RMR shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. RMR also intends to make all reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Operating Guidelines and Reporting Requirements for Chapter 11 Cases*, both in connection with this Application and the interim and final fee applications to be filed by RMR in this chapter 11 case.

**RMR's Disinterestedness**

14. In connection with its proposed retention by the Debtor in this chapter 11 case, RMR undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor. Specifically, RMR obtained from the Debtor and its representatives names and entities which could have substantial relationship with this chapter 11 case.

15. Prior to the filing of this Application, my team commenced advisory services for the Debtor's CEO for potential other chapter 11 filings associated with the Debtor in this case. This included exploring liability management strategies for certain of the Debtor's affiliates. However, none of those liability management strategies materialized, and as such, the Debtor's senior executive team opted to bring RMR in to represent them with regards to the pending chapter 11 case.

16. RMR underwent an extensive review of current and previous clients, and I also underwent an extensive review of my previous representations in the State of New York. RMR did not identify any concerns with regards to current or previous representations.

17. I, Roy Michael Roman, may have interacted at arms-length with certain large-scale creditors who may be parties in interest in this chapter 11 case. However, any potential representation was not and would not constitute a conflict which would otherwise make myself an interested person.

18. To the best of my knowledge, (a) RMR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) RMR has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in this Declaration.

19. Based on my review of pertinent documents, and to the best of my knowledge, neither I, RMR, nor any employee thereof, insofar as I have been able to ascertain, have any connection with the Debtor, its creditors, or any other parties in interest, its respective attorneys and accountants, the United States Trustee for the Eastern District of Tennessee (the "U.S. Trustee"), any person employed by the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Eastern District of Tennessee.

20. RMR will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, RMR will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**<u>Affirmative Statement of Disinterestedness</u>**

21. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) RMR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) RMR has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed herein.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 30, 2026

Respectfully submitted,

Roy Michael Roman (TN BPR #042658)
**RMR Legal PLLC**
70 N. Ocoee Street
Cleveland, TN 37311
Telephone: (423) 528-8484
Facsimile: (423) 717-5564
E-mail: roymichael@rmrlegal.com

*Proposed Counsel to the Debtor and Debtor in Possession*